UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARI FETROW-FIX and THOMAS SORANNO, individually and on behalf of all others similarly situated;<br><br>           Plaintiffs,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC., a Delaware Corporation; and DOES no. 1 through 100, inclusive,<br><br>           Defendant. | Case No.: 2:10-cv-00560-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Amend Complaint–#17; Motion for Judgment on the Pleadings–#30) |

      Before the Court is Plaintiffs Chari Fetrow-Fix and Thomas Soranno's **Motion for Leave to File Amended Class Action Complaint and Add Additional Parties** (#17), filed July 13, 2010. The Court has also considered Defendant Harrah's Entertainment, Inc.'s ("Harrah's") Opposition (#24), filed July 30, 2010, and Plaintiffs' Reply (#26), filed August 9, 2010.

      Also before the Court is Defendant Harrah's Entertainment, Inc.'s **Motion for Judgment on the Pleadings** (#30), filed September 22, 2010. The Court has also considered Plaintiffs' Opposition (#32), filed October 6, 2010, and Defendant's Reply (#35), filed October 18, 2010.

1

**BACKGROUND**

Defendant Harrah's is a gaming corporation that owns and operates several casinos, hotels, and golf courses. Plaintiffs Chari Fetrow-Fix and Thomas Soranno are former employees of Harrah's, a "Game Supervisor" and "Dealer," respectively. This case arose out of Plaintiffs' allegations that Harrah's violated several state and federal statutes by withholding wages previously earned by Plaintiffs and other Harrah's employees. Plaintiffs' allege that Fetrow-Fix and other Harrah's employees were routinely required to work in excess of forty hours per work week for which they were not properly compensated. Plaintiffs' further allege that Soranno and other Harrah's employees were required to perform various tasks (*e.g.*, counting tips, attending meetings, completing paperwork, etc.) off the clock for which they were nor properly compensated. Plaintiffs' brought this class action suit against Harrah's to recover unpaid and/or overtime compensation, liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, and N.R.S. §§ 608.016, 608.020, 608.030, 608.040 and 608.140, of the Nevada state labor laws.

Plaintiffs now seek to amend their original class action complaint. Plaintiffs' proposed amended complaint seeks to add additional claims under N.RS §§ 608.050, 608.115, 608.250, and 608.260, and also add Harrah's Laughlin, Inc. and Harrah's Operating Company, Inc. as defendants. Harrah's opposed Plaintiffs' motion to amend arguing that the proposed amendments would be futile. On September 22, 2010, Harrah's filed a Motion for Judgment on the Pleadings asking the Court to dismiss Plaintiffs' state labor law claims as preempted by the FLSA. Harrah's further requests the Court to dismiss Plaintiffs' proposed claims pursuant to N.R.S. §§ 608.030 through 608.050 as inapplicable. For the reasons discussed below, the Court grants Plaintiffs' motion to amend, and grants in part and denies in part Harrah's motion for judgment on the pleadings.

/

/

# DISCUSSION

## I. Plaintiffs' Motion for Leave to Amend

### A. Legal Standard

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)(2)). Nonetheless, a district court may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Harrah's challenges this motion to amend on the grounds that the amendment would be futile. A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1061 (9th Cir. 2003) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The standard of review is akin to that undertaken by a court in determining the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss. *Id.* (quoting *Miller*, 845 F.2d at 214). Under this standard, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

/
/
/

**B.     Analysis**

    **1.     N.R.S. § 608.050**

Plaintiffs' state a valid claim under N.R.S. § 608.050, which makes it unlawful for an employer to withhold the earned wages of a discharged or laid off employee. Plaintiffs' allege that Harrah's required Plaintiff Thomas Soranno and other former Harrah's employees to perform various tasks (*e.g.*, attend meetings, count tips, complete paperwork, etc.) off the clock, and then failed to compensate them for these tasks. Plaintiffs' further allege that they and other former Harrah's employees regularly worked in excess of forty hours in a workweek without receiving overtime compensation. Accepting these allegations as true, the Court finds that Plaintiffs' have plead sufficient facts to state a claim under N.R.S. § 608.050.

    **2.     N.R.S. § 608.115**

Plaintiffs' state a valid claim under N.R.S. § 608.115, which requires an employer to establish and maintain employee records of wages, salary, and hours worked, among other things. Plaintiffs' allege that Harrah's intentionally failed to maintain records for Plaintiffs' extra work in furtherance of its purported policy of unlawfully denying wages and overtime compensation. Accepting these allegations as true, the Court finds that Plaintiffs' have plead sufficient facts to state a claim under N.R.S. § 608.115.

Harrah's also argues that Plaintiffs' motion should be denied as to N.R.S. § 608.115 because there is no private right of action under that particular statute. Specifically, Harrah's argues that the Nevada Labor Commissioner has exclusive jurisdiction to enforce the provisions of N.R.S. § 608.115. However, the Court disagrees with this assertion because Plaintiffs have demonstrated that N.R.S. § 608.115 claims have been brought by private parties in federal court as well. *See Arteaga v. Hutchins Drywall, Inc.*, No. 2:06-CV-1177-KJD-LRL, 2009 U.S. Dist. LEXIS 89809 (D. Nev. Sep. 28, 2009). Harrah's further argues that N.R.S. § 608.180 clearly indicates that N.R.S. § 608.115 is within the exclusive jurisdiction of the Labor Commissioner. Section 608.180 states that the "Labor Commissioner or his representative shall cause the

4

1  provisions of N.R.S. 608.005 to 608.195, inclusive, to be enforced . . . ." However, the mere fact

2  that the Labor Commissioner has authority to enforce §§ 608.005 to 608.195 (which would include

3  § 608.115) does not mean that such authority is necessarily exclusive with respect to all of those

4  provisions. *See, e.g., Lucas v. Bell Trans*, No. 2:08-CV-01792-RCJ-RJJ, 2009 U.S. Dist. LEXIS

5  72549, at *12-14 (D. Nev. June 24, 2009) (finding a private right of action for N.R.S. §§ 608.016,

6  608.020, and 608.040). Therefore, the Court holds that Plaintiffs' may proceed with their N.R.S. §

7  608.115 claim.

### 3.     N.R.S. §§ 608.250 and 608.260

Plaintiffs' state a valid claim under N.R.S. §§ 608.250, which makes it unlawful for employers to pay less than the minimum wage established by the Nevada Labor Commissioner. Section 608.260 provides for a private right of action by an employee to recover the difference between minimum wage prescribed by N.R.S. § 608.250 and the amount actually paid to the employee. As the Court previously noted, Plaintiffs' allege they have worked several hours for Harrah's without proper compensation. Plaintiffs' properly assert a claim under N.R.S. §§ 608.250 and 608.260 to recover the wages for those hours of extra work. Plaintiffs' have plead sufficient facts to assert such a claim.

### 4.     **Harrah's Laughlin, Inc. and Harrah's Operating Company, Inc.**

Plaintiffs' have stated a valid claim against additional defendants Harrah's Laughlin, Inc. and Harrah's Operating Company, Inc. Plaintiffs' proposed amended class action complaint alleges that at all relevant times they were employed by these additional defendants. Plaintiffs further allege that Harrah's Laughlin is owned and operated by Harrah's and that Harrah's Operating Company is a wholly owned subsidiary of Harrah's. Accepting these allegations as true, Plaintiff has plead sufficient facts to allow the Court to infer that it is plausible that the additional defendants are liable for misconduct.

/

/

## II. Motion for Judgment on the Pleadings

### A. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed a party may move for judgment on the pleadings. A judgment on the pleadings is appropriate when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Thus, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Therefore, to survive a Rule 12(c) motion, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### B. Analysis

Harrah's raises three arguments in this motion for judgment on the pleadings. First, Harrah's argues that Plaintiffs' claims seeking class treatment under state labor law are preempted by their class claims asserted under the FLSA. Second, Harrah's argues that Plaintiffs' individual state labor law claims are preempted by the FLSA because the FLSA is the exclusive remedy for rights created under the FLSA. Third, Harrah's argues that Plaintiffs' N.R.S. §§ 608.030 through 608.050 claims should be dismissed because those statutes are inapplicable to the facts of this case. The Court will address the propriety of each of Harrah's arguments individually.

#### 1. Class Action Claims Under State Labor Law

The Court finds that the FLSA preempts Plaintiffs' state law class action claims. Specifically, the conflict between the FLSA collective action claims and the state class action claims stems from the mechanisms by which parties become members of each type of action. The FLSA states, "[n]o employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). This is the "opt-in" mechanism used for FLSA collective actions, which requires class members to affirmatively consent to be included in the litigation. Rule 23 of

AO 72
(Rev. 8/82)

the Federal Rules of Civil Procedure governing traditional class action suits states, "the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v). This "opt-out" provision requires class members to affirmatively opt-out of the class or be bound by the resulting litigation. This Court has previously held that "[b]ecause of the tension between the opt-in procedure of an FLSA collective action and the opt-out procedure of a garden-variety Rule 23 class action, a conflict exists." *Daprizio v. Harrah's Las Vegas, Inc.*, No. 2:10-cv-00604-GMN-RJJ, 2010 U.S. Dist. LEXIS 84307, at *16 (D. Nev. Aug. 17, 2010). Accordingly, the Court dismisses Plaintiffs' state law class action claims.

### 2.  **Individual State Labor Law Claims**

Plaintiffs' individual state labor law claims are not preempted by the FLSA. The Ninth Circuit has held that the FLSA does not preempt a state law claim that borrows its substantive standard from the FLSA. *Wang v. Chinese Daily News, Inc.*, No. 08-55483, No. 08-56740, 2010 U.S. App. LEXIS 19929, at *36 (9th Cir. Sep. 27, 2010). Plaintiffs' seek relief under Nevada labor laws that enforce the standards established by the FLSA. Accordingly, the Court concludes that these claims are not preempted by the FLSA.

### 3.  **Applicability of §§ 608.030 through 608.050**

The Court finds that N.R.S. §§ 608.030 through 608.050 are applicable to the facts of this case. The language of these statutes are clear, plain and simple. Section 608.030 states, in its entirety:

> Whenever an employee resigns or quits his employment, the wages and compensation earned and unpaid at the time of his resignation or quitting must be paid no later than: (1) The day on which he would have regularly been paid the wages or compensation; or, (2) Seven days after he resigns or quits, whichever is earlier.

Plaintiffs' allege that Harrah's required them and other Harrah's employees to perform various tasks and work both during regular work hours and in excess of 40 hours for which they have not been compensated. Accordingly, Plaintiffs' claim that Harrah's has failed and refused to pay

7

Plaintiffs' and members of the proposed class their unpaid wages pursuant to N.R.S. § 608.030. Taking these allegations as true, the Court finds that Plaintiffs' have stated a valid claim for relief under that statute.

N.R.S. § 608.040 is similarly clear.  It states, in relevant part:

> 1. If an employer fails to pay: (a) Within 3 days after the wages or compensation of a discharged employee becomes due; or (b) On the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day he resigned, quit or was discharged until paid or for 30 days, whichever is less.

Again, Plaintiffs' allege that Harrah's has failed and refused to pay them for wages or compensation that is owed to them.  Taking these allegations as true, it is reasonable to infer that Harrah's would be liable to Plaintiffs' and the class under N.R.S. 608.040.

Finally, 608.050 states, in part:

> Whenever an employer of labor shall discharge or lay off his or its employees without first paying them the amount of any wages or salary then due them . . . or shall fail . . . to pay them . . . the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment . . . each of his or its employees may charge and collect wages in the sum agree upon in the contract of employment for each day his employer is in default, until he is paid in full . . . but he shall cease to draw such wages or salary 30 days after default.

For the reasons stated above, Plaintiffs' N.R.S. § 608.050 claims are likewise valid.

/
/
/
/
/
/
/
/
/

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend Complaint (#17) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Judgment on the Pleadings (#30) is GRANTED in part and DENIED in part, as follows:

- Plaintiffs' state law class claims are dismissed.
- Plaintiffs' individual state law claims may proceed.

Dated: November 16, 2010

_____
**ROGER L. HUNT**
**Chief United States District Judge**