Adam H. Springel, Esq., NBN 7187
aspringel@springelfink.com
Leonard T. Fink, Esq. NBN 6296
lfink@springelfink.com
**SPRINGEL & FINK LLP**
2475 Village View Drive, Suite 250
Henderson, Nevada  89074
Telephone:  (702) 804-0706
Facsimile:  (702) 804-0798

Harris L. Pogust, Esq.  (PA 52721)
hpogust@pbmattorneys.com
(admitted *pro hac vice*)
Bharati O. Sharma, Esq.  (PA 88440)
bsharma@pbmattorneys.com
(admitted *pro hac vice*)
**POGUST BRASLOW & MILLROOD, LLC**
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428
Telephone:   (610) 941-4204
Facsimile:    (610) 941-4245

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CHARI FETROW-FIX and THOMAS SORANNO, individually and on behalf of all others similarly situated;<br><br>Plaintiff(s),<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC., a Delaware Corporation; HARRAH'S OPERATING COMPANY, INC.; HARRAH'S LAUGHLIN, INC.; and DOES No. 1 through 100, inclusive,<br><br>Defendant(s). | Case No.: 2:10-cv-00560-RLH-PAL<br><br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION** |

COMES NOW, Plaintiffs Chari Fetrow-Fix and Thomas Soranno, on behalf of themselves and those similarly situated, by and through their attorneys of record, and hereby submit their Reply to Defendants' Opposition to Plaintiffs' Motion for Reconsideration.

This Reply is based upon the attached memorandum of points and authorities, all pleadings and papers on file in this action, which are incorporated herein by reference, and upon such further oral or documentary evidence as may be presented.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' Motion for Reconsideration relates to this Court's order granting in part and denying in part Defendant's Motion for Judgment on the Pleadings (originally filed September 22, 2010).

### I. ARGUMENT

**1. Plaintiffs' Motion for Reconsideration is Properly Before the Court**

  **a. Plaintiffs seek justifiable relief under Rule 60(b) because the District Court of Nevada maintains two different holdings on the same issue.**

Defendants argue that Plaintiffs' Motion for Reconsideration is untimely and should be dismissed. However, Plaintiffs' Motion is proper under Rule 60(b). The Daprizio Court rejected Defendants' same argument, noting that a Motion for Reconsideration under Rule 60(b) is based upon the court's inherent power to reconsider or modify an interlocutory order for sufficient cause. See Daprizio v. Harrah's, 2010 U.S. LEXIS 135113 (D. Nev. 135113).

Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (6) **any other reason that justifies relief**. [emphasis added]

Considering the same exact issues, the Daprizio Court held that plaintiffs can pursue *both* their state and federal class action claims (against virtually the same defendants as the instant case).

-2-

This Court's November 16, 2010 Order seemingly relied solely upon the August 17, 2010 <u>Daprizio</u> order in concluding that there was an inherent conflict between the FLSA and Plaintiffs' state law class claims. However, on December 7, 2010, the <u>Daprizio</u> Court reconsidered its decision and vacated its earlier holding, finding no conflict between the FLSA and Plaintiffs' state law opt-out class claims. See Order attached as Exhibit "A" to Plaintiffs' Motion for Reconsideration. Thus, currently, the Plaintiffs in the <u>Daprizio</u> action can pursue both FLSA and state class action claims, whereas Plaintiffs in the instant action cannot, even though both actions involve virtually the same issue and same defendants: i.e, Defendant Harrah's Entertainment, Inc.'s and its subsidiaries' requirement that their employees attend mandatory, unpaid meetings.

Defendants' position that the <u>Daprzio</u> Court had no legal basis for its decision is without merit. Maintaining two different holdings within the same court presents an extraordinary circumstance for Plaintiffs to seek relief. Therefore, Plaintiffs' motion is properly before the Court.

    2.    **Under <u>Wang</u>, <u>Daprizio</u>, FLSA, and 28 U.S.C. § 1367(a) Plaintiffs' state law class claims are proper and able to proceed.**

        a.    **In <u>Wang</u>, the Ninth Circuit recognized a <u>procedural difference</u> between Plaintiffs' state law and FLSA class claims but not an "inherent conflict" that would provide for the dismissal of Plaintiffs' state law claims.**

<u>Wang</u> stands for the proposition that a Federal District Court can exercise supplemental jurisdiction over a state law class action even when the state law claims predominate over the federal claims as long as the state claims "borrow" from the federal law. Id. at 760. Defendants incorrectly argue that the court's holding in <u>Wang</u> is somehow

-3-

limited to circumstances in which defendants raise an objection regarding the class certification "on the eve of trial." See Defendants' Opposition 4:25-28. Even though the court's analysis in Wang includes significant discussion supporting its decision, Defendants pick out one or two sentences from one paragraph on page 762, when the Court was simply noting that its decision was further supported by the fact that the defendant waited a long time to object. This clearly was not, however, the basis for the Wang decision.

Although his Court's November 16, 2010 Order states that the FLSA preempts Plaintiffs' state law class action claims", the FLSA merely states that all collective actions brought pursuant to it be affirmatively opted into. The FLSA has no guarantee that employers will never face traditional class actions pursuant to state employment law. See Overnight Transp., 926 F.2d at 222.

The Wang Court specifically noted that the Ninth Circuit has "never held that FLSA preempts a state law claim". Id. at 759. It further noted that as recently as 2009 in Mevorah v. Wells Fargo, 571 F.3d 953, the Ninth Circuit had left open the question of whether the FLSA preempts a class action alleging parallel state laws. Id. Importantly, Mevorah was decided 2 years after Williams v. Trendwest, 2007 U.S. Dist. LEXIS 62396, which is the case that Defendants largely rely upon to support their position that Plaintiffs cannot maintain both state law and federal law class actions. Thus, clearly, Wang is the controlling Ninth Circuit opinion on this issue.

**b. The Daprizio Court considered the reasoning advanced in Trendwest and vacated its earlier order and determined the proper way to proceed is to allow Plaintiffs to certify two separate classes.**

In vacating its earlier ruling, the Daprizio Court reconsidered the reasoning of the Trendwest Court and found it unpersuasive in light of both Wang and other decisions. Instead, the Court relied upon the reasoning in

Lindsay v. Gov't Employees Ins. Co., 371 U.S. App. D.C. 120, 448 F.3d 416 (D.C. Cir. 2006), to find that the proper way to proceed is to have the court exercise supplemental jurisdiction and allow the certification of two separate classes. See Daprizio.

Defendants' assertion that the different requirements between the opt-in and opt-out procedures prevent the Court from exercising supplemental jurisdiction have been reversed and rejected. See Lindsay. No only did the Daprizio Court specifically rely upon Lindsay in its December 2010 Order, but the Wang Court made it clear that the Ninth Circuit was officially adopting its holding. See Wang at 761-762.

Under both these circumstances and the principles of intra-court comity, this Court has ample grounds to grant Plaintiffs' Motion for Reconsideration.

### c. The FLSA does not preempt state-law class claims.

In fact, the FLSA contains no provision preempting other methods of prosecuting state law employment litigation. Congressional intent to allow state regulation to coexist with the federal scheme can be found in § 18(a) of the FLSA, which explicitly permits states to mandate greater overtime benefits. See 29 U.S.C. § 218(a).

The absence of any provision in the FLSA restricting supplemental jurisdiction is compelling and Defendants have failed to identify any language in the act that prohibits Plaintiffs' state class action claims. Defendants attempt to apply the opt-out procedure of the FLSA to any and all employment law claims even though it was simply neither Congress' intent nor included in the language

of the Act. "The FLSA's collective action mandate applies only to actions brought pursuant to the FLSA--not to employment law actions generally. See 29 U.S.C. § 216(b)....[E]very Circuit that has considered the issue has reached the same conclusion-state overtime wage law is not preempted by . . . the FLSA". Klein v. Ryan Beck Holdings, Inc., 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13, 2007) citing Overnite Transp. Co. v. Tianti, 926 F.2d 220, 222 (2d Cir. 1991).

Thus, under Wang, this Court should allow both Plaintiffs' state and federal class actions to proceed together. This will allow the Court to enforce both the FLSA's opt-in standards and Nevada's interests in protecting its citizen from employer abuses. This is correct even if there ends up being more plaintiffs in the state law class action than in the FLSA action. As the Wang court noted:

> Because joining an FLSA action requires an affirmative act, an FLSA opt-in action will almost invariably have fewer participants than a closely-related state law opt-out action when state and federal claims are brought in the same case.

Wang at 761.

3. **This Court must exercise supplemental jurisdiction because the FLSA includes the full breadth of the federal courts' jurisdictional reach and Plaintiffs' state law class claims arise out of the same case or controversy**

The FLSA does not narrow the scope of this Court's supplemental jurisdiction over the state law class claims that are arising out of the same case or controversy. See Silverman v. SmithKline, 2007 U.S. Dist. LEXIS 80035 (C.D. Cal. 2007). The Silverman Court reviewed the arguments and the holding

in Moeck v. Gray Supply, 2006 U.S. Dist. LEXIS 511 (D.N.J. 2006), which is cited by Defendants in support of the proposition that Congress intended to limit state-law class actions proceeding with FLSA collective actions and found them unpersuasive. Specifically, the Court reasoned:

> Opt-out state law class action claims do not somehow alter the treatment of the FLSA claims simply by being in the same lawsuit... Regardless of any policy decision implicit in *section 216(b)*'s opt-in requirement, in enacting *section 1367(a)*, the Congress made its intent regarding the exercise of supplemental jurisdiction clear: Congress conferred a broad grant of jurisdiction upon the district courts, indicating a congressional desire that, 'supplemental jurisdiction at least in the first instance ... go to the constitutional limit ...'") (internal citations and quotations omitted). Id.

The district court has mandatory supplemental jurisdiction over claims that are related and extend from the same case or controversy. See 28 U.S.C. § 1367(a). A district court's ability to decline supplemental jurisdiction is limited to when: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

None of these exceptions are applicable to the facts of this case. The wage and hour claims are not novel or complex. The state law claims essentially replicate the FLSA claims, so they will not predominate (although even if they do, the Wang decision would not prohibit jurisdiction). The size of either potential class has not been determined and is, therefore, only speculative at this stage of the litigation. Finally, there are no exceptional circumstances or

compelling reasons for declining jurisdiction.

### 4. The procedural differences between opt-out and opt-in class certifications are minimized by having one court oversee both the state law class and the FLSA collective action.

The crux of Defendants' argument is based upon the alleged complexity (conflict) stemming from the fact that a potential plaintiff who receives two class action notices may reasonably choose not to respond to either notice out of confusion, making them a party to the state law class action, but not a party to the federal law collective action. These considerations are not alleviated through this Court dismissing Plaintiffs' state based class action claims from the litigation. Instead of having one action, one forum, one court, and one judge oversee all the claims arising under the same case or controversy, Defendants implicitly argue that two class actions in two separate forums is the better way to handle the potential classes. By increasing the number of variables, the potential confusion is amplified, not simplified.

As other courts have noted, the alleged confusion of maintaining two separate classes is alleviated through clearly drafted collective and class action notices. See Sjoblom v. Charter Communications, 2007 U.S. Dist. LEXIS 93879, at *17-18 (W.D. Wisc. Dec. 19, 2007) (separate adjudication of the claims would not reduce confusion among potential class members because they would still receive two notices concerning almost identical facts: one requiring them to opt in to a federal collective action and another including them in a state law class action unless they opt out). This is precisely what the Court has already concluded in Daprizio.

One forum overseeing the claims arising under the same case or controversy will provide potential plaintiffs with continuity and consistency of both collective actions. Plaintiffs' instant motion is consistent with the supplemental jurisdiction requirements of § 1367 and based on the most recent holdings provided by the Ninth Circuit and the Daprizio Court regarding the FLSA and state law class claims.

## II. CONCLUSION

Under Wang, other federal decisions and the interests of intra-court comity, this Court not only can, but should exercise supplemental jurisdiction and allow Plaintiffs to proceed with both their state law and FLSA class action claims with two separate classes.

DATED: February 7, 2011

SPRINGEL & FINK LLP

By: _____
Adam H. Springel, esq., NBN 7187
aspringel@springelfink.com
Leonard T. Fink, esq., NBN 6296
lfink@springelfink.com
**SPRINGEL & FINK, LLP**
2475 Village View Drive, Suite 250
Henderson, NV 89074

Harris L. Pogust, Esq.  (PA 52721)
hpogust@pbmattorneys.com
(admitted *pro hac vice*)
Bharati O. Sharma, Esq.  (PA 88440)
bsharma@pbmattorneys.com
(admitted *pro hac vice*)
**POGUST BRASLOW & MILLROOD, LLC**
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2011, I electronically filed the foregoing PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION using the CM/ECF system which will send a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

Patrick H. Hicks, Esq.
Rick D. Roskelley, Esq.
Wendy Medura Krincek, Esq.
**Littler Mendelson**
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV  89169-5937

*Attorney for Defendants*

_____
An Employee of Springel & Fink LLP