UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARI FETROW-FIX, *et al.,* | ) |
| Plaintiffs, | ) Case No. 2:10-cv-00560-RLH-PAL |
| vs. | ) **ORDER** |
| HARRAH'S ENTERTAINMENT, INC., *et al.,* | ) |
| Defendants. | ) |

Before the court is Defendants' Emergency Motion for Protective Order Regarding Deposition Scheduled for April 13, 2011 (Dkt. #65) filed April 6, 2011. Defendants seek an emergency protective order concerning a Rule 30(b)(6) deposition notice served March 17, 2011. The subject matter of the proposed Rule 30(b)(6) testimony seeks to discover information about Harrah's clocking in and clocking out procedure as defined in its Employee Handbook. The scope of the deposition topics suggests Plaintiffs are attempting to obtain information regarding Harrah's Entertainment Inc.'s casino properties throughout the United States. Harrah's has agreed to produce a Rule 30(b)(6) designee knowledgeable about clocking in and clocking out procedures at Harrah's Laughlin property. However, Plaintiffs insist they are entitled to broader information concerning clocking in and clocking out procedures at Harrah's properties nationwide.

Counsel for Defendants represents that the deposition notices were received on March 21 and 22, 2011, and that Defendants objected and requested a meet-and-confer conference to attempt to resolve their discovery dispute. A telephonic meet-and-confer conference was held March 30, 2011. Defendants offered to produce Candy Basso, the Director of Human Resources for Harrah's Laughlin to testify regarding procedures in place at Harrah's Laughlin. However, defense counsel represents

1  Plaintiffs have refused to vacate the deposition of the Rule 30(b)(6) designee on the deposition topics
2  noticed, or to accept Ms. Basso as a corporate representative.
3        Plaintiffs' Rule 30(b)(6) deposition topics for the deposition in dispute requests Harrah's
4  Entertainment, Inc. to produce a corporate designee to testify concerning:

5/6      1.     Whether the Timeworks Systems referenced in Harrah's Employee Handbook is used in each of Harrah's Entertainment, Inc.'s casino properties located in the U.S.

7/8      2.     Whether the time-keeping, clock in/out procedure identified in the Harrah's Laughlin Employment Handbook is the same procedure implemented throughout each of the Harrah's Entertainment Inc. casino properties located in the U.S.

9/10/11      3.     Whether pursuant to Harrah's Entertainment, Inc.'s policies, procedures and/or guidelines, each exempt employee at Harrah's Entertainment, Inc.'s casino properties located in the U.S. is required to clock in no more than seven minutes before starting time, and to clock out before leaving the property no more than seven minutes after the end of a shift.

12/13/14      4.     Whether the time-keeping and payroll system implemented by Harrah's Entertainment, Inc. at its casino properties in the U.S. utilizes "time clock rounding" such that exempt employees' work time entries are rounded up or down to the nearest quarter hour for compensation purposes.

15        Harrah's objects to producing a Rule 30(b)(6) designee to testify on its nationwide policies
16  because a class has not been certified.  Rather, this lawsuit involves Plaintiffs' claims that table games
17  dealers are owed compensation for time spent at pre-shift meetings called "buzz sessions," and that
18  table games supervisors were mis-classified as exempt employees for purposes of overtime
19  compensation.
20        Having reviewed and considered the matter,
21        **IT IS ORDERED** that:
22      1.     Plaintiffs shall have until April 14, 2011, in which to file a response to the motion.
23      2.     Defendants shall have until April 18, 2011, in which to file a reply.
24/25      3.     A hearing on the Motion is scheduled for **April 19, 2011, at 10:00 a.m.,** in Courtroom 3B.
26  ///
27  ///
28  ///

4. A temporary protective order is entered precluding the Rule 30(b)(6) deposition at issue from going forward as currently scheduled on April 13, 2011, pending a decision on the merits.

Dated this 12th day of April, 2011.

_____
Peggy A. Leen
United States Magistrate Judge