**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHARI FETROW-FIX and THOMAS SORANNO, individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> vs. <br><br> HARRAH'S ENTERTAINMENT, INC., a Delaware Corporation; and DOES no. 1 through 100, inclusive, <br><br> Defendants. | Case No.: 2:10-cv-00560-RLH-PAL <br><br> **O R D E R** <br><br> (Motion for Reconsideration–#48; Motion for Certification of Appealability–#50) |

Before the Court is Plaintiffs Chari Fetrow-Fix and Thomas Soranno's **Motion for Reconsideration** (#48, filed Jan. 10, 2011) of the Court's Order (#40, issued Nov. 16, 2010). The Court has also considered Defendant Harrah's Entertainment, Inc.'s ("Harrah's") Opposition (#55, filed Jan. 27, 2011), and Plaintiffs' Reply (#60, filed Feb. 7, 2011).

Also before the Court is Plaintiffs' **Motion for Certification of Appealability** (#50, filed Jan. 14, 2011) of the Court's Order (#40, issued Nov. 16, 2010). The Court has also considered Harrah's Opposition (#52, filed Jan. 21, 2011), and Plaintiffs' Reply (#56, Jan. 31, 2011).

1

**BACKGROUND**

Defendant Harrah's is a gaming corporation that owns and operates several casinos, hotels, and golf courses. Plaintiffs Chari Fetrow-Fix and Thomas Soranno are former employees of Harrah's who allege Harrah's violated several state and federal statutes by withholding wages from Plaintiffs and other employees. Plaintiffs brought class action suits against Defendant under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219, and N.R.S. §§ 608.016, 608.020, 608.030, 608.040 and 608.140 of the Nevada labor laws.

In November 2010, the Court granted Plaintiffs' motion to amend their complaint, allowing additional claims under N.R.S. §§ 608.050, 608.115, 608.250, and 608.260 and adding Harrah's Laughlin, Inc. and Harrah's Operating Company, Inc. as defendants. (Dkt. #40, Order, Nov. 16, 2010 (hereinafter referred to as "Order").) In that Order, the Court also partially granted Harrah's motion for judgment on the pleadings and dismissed Plaintiffs' state law class claims, citing the conflict between class-creation mechanisms for collective action claims under FLSA and state class action claims. Plaintiffs now submit two motions: a motion for reconsideration of the state law class action claims dismissal and a motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons discussed below, the Court denies Plaintiffs' motion for reconsideration and motion for certification of order for appeal.

**DISCUSSION**

**I.     Motion for Reconsideration**

  **A.     Legal Standard**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (internal citation omitted). The Court should only grant motions for reconsideration when the moving party presents a valid reason for reconsideration and the facts or law strongly support reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). The Ninth Circuit has recognized

three circumstances in which a district court should grant a motion for reconsideration: "if the district court (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993)).

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995); *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

**B.     Analysis**

Following the circumstances outlined in *Nunes*, the Court finds reconsideration inappropriate here. Plaintiffs present no new evidence and fail to demonstrate how the Court has committed clear error or rendered a manifestly unjust decision. Plaintiffs' argument in favor of reconsideration relies on a decision by another judge in this district, the Honorable Gloria M. Navarro, to grant a motion for reconsideration in *Daprizio v. Harrah's Las Vegas, Inc.*, No. 2:10-cv-00604-GMN-RJJ, 2010 U.S. Dist LEXIS 135113 (D. Nev. Dec. 7, 2010). This Court referenced the initial *Daprizio* decision in its Order and Plaintiffs now ask the Court to follow Judge Navarro's lead and reconsider its ruling. Although Plaintiffs here base the instant motion upon similar grounds as the motion for reconsideration in *Daprizio*, that decision is not binding on this Court. In this case, the Court's Order referenced the initial *Daprizio* decision only to demonstrate the "conflict between the FLSA collective action claims and the state class action claims [which] stems from the mechanisms by which parties become members of each type of action." (Dkt. #40, Order 6:21–22.) This reference does not suggest that the Court relied

3

1  exclusively on the rationale of the initial *Daprizio* decision. The mere fact that the initial *Daprizio*

2  decision was reconsidered does not demonstrate injustice in the Court's Order to justify

3  reconsideration. Furthermore, the Court finds Plaintiffs' analogous arguments for reconsideration

4  unpersuasive. The Court's ruling was supported by decisions in this district as well as others;[1]

5  thus, the Order was neither in error nor unjust. Therefore, Plaintiffs have failed to show any

6  change in evidence, injustice in the decision, or error committed by the Court.

7  Similarly, there has been no intervening change in controlling law since the initial

8  Order. The Court was aware of the Ninth Circuit's decision in *Wang v. Chinese Daily News*, 623

9  F.3d 743 (9th Cir. 2010), and followed it in the initial order. (Dkt. #40, Order 7:10–13 (citing

10 *Wang*, 623 F.3d at 760, 2010 U.S. App. LEXIS 19929, at *36).) Thus, the controlling law remains

11 unchanged. Accordingly, the Court denies the motion for reconsideration.

12 **II.     Motion For Certification of Order for Appeal Pursuant to 28 U.S.C. § 1292(b)**

13 **A.     Legal Standard**

14 The Ninth Circuit has instructed district courts to certify interlocutory appeals

15 sparingly. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). Typical

16 appellate procedures "postpon[e] appellate review until after the entry of a final judgment." *Id.*

17 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). However, a district court may

18 certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), but "only in exceptional situations

19 in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.*

20 The Ninth Circuit therefore holds interlocutory appeals to a narrow "exceptional circumstances"

21 standard. *Id.*

---

[1] *Williams v. Trendwest Resorts, Inc.*, No. 2:05-cv-0605-RCJ-LRL, 2007 U.S. Dist LEXIS 62396, at *10–12 (D. Nev. Aug. 20, 2007) ("the class action mechanisms of the FLSA and Rule 23 are incompatible."); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 469–70 (N.D. Cal. 2004) (finding that Congress' intent to have FLSA plaintiffs opt-in would be thwarted if plaintiffs could include unnamed parties through state statues with only opt-out requirements); *Otto v. Pocono Health System*, 457 F. Supp. 2d 522 (M.D. Pa. 2006); *Moeck v. Gray Supply Corp.*, Civ. No. 03-1950 (WGB), 2006 U.S. Dist. LEXIS 511 (D.N.J. Jan. 5, 2006).

1       Even in exceptional circumstances, the party requesting the appeal must satisfy
2  certain requirements to justify interlocutory review under §1292(b). *Couch v. Telescope*, 611 F.3d
3  629, 633 (9th Cir. 2010). These requirements are: "(1) that there be a controlling question of law,
4  (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal
5  may materially advance the ultimate termination of the litigation." *In re Cement*, 673 F.2d at 1026.
6  The Ninth Circuit narrowly defines a controlling question, as one in which "the resolution of the
7  issue on appeal could materially affect the outcome of litigation in the district court." *Id.* at 1027.

**B.     Analysis**

The Court denies Plaintiffs' motion because it fails to establish the requirements for certification of an order for appeal. First, the Plaintiffs' motion does not involve exceptional circumstances because issues concerning preemption and class construction are well within the bounds of typical civil proceedings before this Court. As previously explained, the Order was in-line with Ninth Circuit precedent and analogous decisions of other district courts. *See*, *supra*, footnote 1. Because this situation has been addressed by at least three courts in this district alone, Plaintiffs situation is not unique or exceptional. Therefore, the Court concludes that this situation does not meet the exceptional circumstances standard.

In addition, Plaintiffs fail to meet the first requirement outlined in § 1292(b). Specifically, Plaintiffs have not presented a controlling issue of law whose resolution could materially affect the outcome of this litigation. The Order does not affect Plaintiffs' interests here because their claims under Nevada labor law are still viable. Only Plaintiffs' strategy—pursuing individual versus possible class action claims—will be affected. Because the Court finds that the first requirement is not met, it need not address the two remaining requirements. Accordingly, the Court denies Plaintiffs' motion for certification of appealability.

///

///

///

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration (#48) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Certification of Appealability (#50) is DENIED.

Dated: June 9, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**