1
2
3
4                        **UNITED STATES DISTRICT COURT**
5                              **DISTRICT OF NEVADA**
6

7    CHARI FETROW-FIX, *et al.,*                    )
8                                   Plaintiffs,     )        Case No. 2:10-cv-00560-RLH-PAL
                                                    )
9    vs.                                            )               **ORDER**
                                                    )
10   HARRAH'S ENTERTAINMENT, *et al.,*              )           (Mot. Sanctions - Dkt. #73)
                                                    )           (Mot. to Compel - Dkt. #76)
11                                  Defendants.     )
     _____  )
12

13          The court conducted a hearing on June 9, 2011, at 9:00 a.m., on Plaintiffs' Motion for Sanctions
14   (Dkt. #73), and Plaintiff's Motion to Compel (Dkt. #76).  Leonard Fink and Bharati Sharma appeared
15   on behalf of the Plaintiffs and Rick Roskelley and Wendy Krincek appeared on behalf of the
16   Defendants.  The court has considered the Motions, Defendants' Oppositions (Dkt. ##78, 79),
17   Plaintiffs' Replies (Dkt. ##81, 82), and the arguments of counsel at the hearing.

18   **I.      Plaintiffs' Motion for Sanctions (Dkt. #73)**

19          Plaintiffs seek an order sanctioning defense counsel for improper speaking objections and other
20   conduct during the depositions of Terry Byrnes, Harrah's Entertainment Vice President of Total
21   Rewards, and Candy Basso, the Director of Human Resources at Harrah's Laughlin.  Plaintiffs request
22   attorneys' fees and costs incurred for the necessity of bringing the motion; attorneys' fees and costs
23   associated with taking the deposition of Candy Basso on April 14, 2011, that counsel for Plaintiffs
24   prematurely terminated; an order resuming the deposition of Candy Basso at Defendants' expense; and
25   an order prohibiting Defendants from making improper speaking objections during depositions.

26          Defendants oppose the motion asserting that Plaintiffs' counsel have also been guilty of making
27   speaking objections during depositions and that sanctions are not warranted.  Counsel for Defendants
28   voluntarily produced Ms. Basso for a second deposition without requiring Plaintiffs to obtain leave of

court for the sole purpose of permitting Plaintiffs to question her regarding documents produced by Defendants after her first deposition. Counsel for Defendants believe Plaintiffs' counsel was attempting to re-ask two lines of questioning covered during Ms. Basso's initial deposition, and only instructed Ms. Basso not to answer when she believed Plaintiffs counsel was asking repetitive questions that were oppressive and harassing. Counsel for Defendants regrets and apologizes for language used during Mr. Byrnes' deposition, but asserts Plaintiffs' counsel was able to finish questioning and conclude the deposition. Defense counsel believes Plaintiffs have only raised the issue to embarrass him. Defense counsel apologizes that he made the "regrettable remark" stating he was frustrated after taking over a dozen depositions in and out of state over the course of a couple of weeks. He promises not to lose his patience in a similar manner again. This order will not repeat the "regrettable remark." Mr. Roskelley is and should be embarrassed for uttering it.

Plaintiffs reply that Defendants' conduct during these two depositions was improper and warrants sanctions. Ms. Basso's deposition started at 9:11 a.m., on Thursday, April 14, 2011, and was terminated by Plaintiffs' counsel at 10:50 a.m., because counsel for Defendants instructed her not to answer questions five times. Defense counsel did not seek a protective order for questioning of Ms. Basso counsel now claims was repetitive and harassing. Assuming *arguendo* that some of the questions were repetitive, which Plaintiffs dispute, Defendants have failed to establish the questioning was harassing to the extent the witness should be instructed not to answer.

After counsel for Plaintiffs terminated Ms. Basso's deposition in her individual capacity, counsel took and completed Ms. Basso's deposition as Defendants' Rule 30(b)(6) designee. During oral argument, the court inquired what additional questions remained to ask Ms. Basso. Ms. Sharma responded in conclusory fashion that she had additional questions concerning additional documents produced after Ms. Basso's first deposition. The court has reviewed the transcripts and finds the conduct of counsel for Defendants at Mr. Byrnes' deposition, and at Ms. Basso's April 14, 2011 deposition, was clearly improper. Defense counsel made speaking objections, was discourteous in the extreme during Mr. Byrnes' deposition, and made improper speaking objections during Ms. Basso's deposition. The conduct of defense counsel was obstructive and impeded the fair examination of the witnesses.

1    To the credit of counsel for Plaintiffs, she attempted to contact chambers to determine if the

2    court was available for an emergency dispute resolution conference during the deposition of Ms. Basso.

3    Unfortunately, the court was unavailable.  However, counsel for Plaintiffs could have, and should have,

4    attempted to complete Ms. Basso's deposition in her individual capacity notwithstanding defense

5    counsel's improper objections before terminating the deposition.  It was not appropriate for defense

6    counsel to insist on seeing documents counsel for Plaintiffs wanted to question Ms. Basso about;

7    however, if counsel had questions about newly produced documents, she had the ability to ask them.

8    Undoubtedly, tempers flared, and the situation deteriorated.  Having reviewed the transcripts, the court

9    finds the Plaintiffs have had an adequate opportunity to examine Ms. Basso, and counsel for Plaintiffs'

10   conclusory statements about additional questions do not warrant reopening her deposition for yet

11   another session.  Mr. Roskelley and Ms. Krincek are admonished for their improper conduct.  However,

12   the court will not impose sanctions.

13   **II.      Plaintiffs' Motion to Compel (Dkt. #76)**

14   Plaintiffs seek an order compelling Defendants to: (1) serve a supplemental privileged document

15   log; (2) produce discovery related to employee statements or complaints regarding attendance and/or

16   compensation for pre-shift meetings; (3) produce a voluntary consent form and complete personnel and

17   payroll records for opt-in Plaintiffs, including Kathy Stumbaugh; (4) discovery related to departments

18   other than the Table Games Department at Harrah's Laughlin; and (5) provide discovery responses to

19   certain requests relating to lawsuits against Defendants and amendments to Harrah's Laughlin

20   Employee Handbook.

21   Plaintiffs argue that the documents identified in Defendants' privilege logs are described in

22   impermissibly vague and conclusory terms, and omit the capacities of the author/recipients.  Plaintiffs

23   acknowledged that Defendants served a supplemental privilege log April 1, 2011.  However, they

24   maintain the amended privilege log failed to cure the noted deficiencies identified in Plaintiff's initial

25   meet and confer letter.  The privilege log and supplemental privilege log does not contain sufficient

26   information to allow the court or the Plaintiffs to assess the applicability of the attorney-client privilege.

27   Moreover, Defendants have not supported their assertion of attorney work product privilege with a

28   detailed affidavit.

1    Plaintiffs believe the Defendants have not produced documents regarding two separate

2    incidences of employee complaints or statements regarding attendance and compensation for buzz

3    sessions referred to by Ms. Basso in her deposition testimony.  Plaintiffs also believe the Defendants

4    have not produced a complete Employee Handbook for Harrah's Laughlin and/or amendments to it.

5    During oral argument, counsel for Plaintiffs clarified that, although Defendants have produced the

6    Employee Handbook and amendments to it, Plaintiffs believe there are memos outlining changes that

7    have not been produced.  With respect to the Second Set of Interrogatories served March 14, 2011,

8    counsel for Plaintiffs served these at the suggestion of counsel for Defendants.  On March 4, 2011,

9    Plaintiffs' counsel wrote to defense counsel indicating Plaintiffs would be noticing a Rule 30(b)(6)

10   deposition regarding times of scheduled shifts and timing of buzz sessions at Harrah's Laughlin Hotel

11   Division, and Food & Beverage Division.  Defense counsel advised that these depositions would

12   involve producing multiple individuals and suggested that Plaintiffs obtain the information by written

13   discovery instead of conducting depositions.  Plaintiffs' counsel did not withdraw the Rule 30(b)(6)

14   deposition notice to preserve Plaintiffs' right to take depositions on the noticed topics if the discovery

15   responses were insufficient.  Counsel for Plaintiffs was surprised to learn that Defendants had appeared

16   on Friday, April 15, 2011, for the Rule 30(b)(6) deposition in light of what counsel for Plaintiffs believe

17   was an agreement to postpone it.

18       Defendants oppose the motion arguing the Plaintiffs failed to properly meet and confer

19   regarding a request for a further supplemental privileged document log.  Defendants supplemented the

20   privileged document log April 1, 2011, and it was not until Plaintiffs filed this motion that Defendants

21   were aware Plaintiffs remained unsatisfied with the supplemental log.  Defendants also argue that the

22   motion should be denied because Plaintiffs are seeking documents that have either already been

23   produced, do not exist, or are privileged.  The court reviewed the voluntary interview consent forms *in*

24   *camera* months ago, and Defendants argue the consent forms are irrelevant, beyond the scope of

25   discovery, and privileged.  The forms were signed by employees who were interviewed by defense

26   counsel in connection with this litigation.

27       Plaintiffs' motion asserts that the Defendants should have disclosed complete personnel files

28   and payroll records for all of the named and opt-in Plaintiffs in this case pursuant to their initial

4

disclosure obligations.  However, Rule 26(a)(1) only requires a party to include in its initial disclosures documents the disclosing party has in its possession, custody or control that it may use to support its claims or defenses.  Defendants complied with these discovery obligations, and should not be ordered to supplement their initial disclosures with additional payroll records and personnel files.

Defendants also oppose responding to Plaintiffs' Second Set of Interrogatories which relate to attendance and compensation for buzz sessions for all departments at Harrah's Laughlin.  Although defense counsel did suggest that Plaintiffs propound written discovery on these subject matters when Plaintiffs announced an intention to notice a Rule 30(b)(6) deposition, counsel for Plaintiffs failed to appear at the scheduled Rule 30(b)(6) deposition she noticed.  Defendants understood that Plaintiffs had rejected Defendants' offer of written discovery in lieu of depositions.  As a result, Defendants were forced to fully prepare for the April 15th Rule 30(b)(6) deposition(s) at which counsel for Plaintiffs failed to appear.  Under the circumstances, counsel for Defendants argue it is "nothing short of shocking that Plaintiffs now accuse Defendants of bad faith bait and switch tactics tricking them into not appearing for the April 15th depositions."

Defendant Harrah's Entertainment objects to providing a response to Interrogatory No. 15 which asks for identification of all civil lawsuits and/or legal or administrative proceedings regarding mis-classification and/or failure to pay minimum wage or overtime wages to employees because the court has already ruled on this matter.  Specifically, in an Order (Dkt. #70), the court denied Harrah's emergency motion for protective order that Harrah's Entertainment need not produce a Rule 30(b)(6) designee on four topics.  However, the order provided that "the Rule 30(b)(6) designee shall not be required to testify concerning individual policies and procedures in place in Harrah's properties nationwide."

Plaintiffs reply that Defendants' privilege log clearly failed to meet the standards for withholding privileged documents.  Plaintiffs therefore seek an order finding the privilege has been waived, and requiring Defendants to produce documents listed on the log.  Plaintiffs do not address Defendants' arguments concerning their failure to meet and confer after Defendants served a supplemental privilege log on April 1, 2011.  Plaintiffs reiterate arguments they believe further answers to interrogatories and production of documents should be compelled.  Without personnel and payroll

1   records, Plaintiffs are unable to provide a calculation of damages because this information is in the

2   Defendants' possession.  The court should compel discovery and depositions relating to attendance and

3   compensation for buzz sessions for all departments at Harrah's Laughlin.  Counsel for Plaintiffs

4   apologize for the mis-communication in failing to attend the April 15th Rule 30(b)(6) depositions she

5   noticed.  However, she understood that these depositions would go forward only if Defendants' answers

6   to Plaintiffs' written discovery on these issues were non-responsive and/or were not timely received.

7   Counsel for Plaintiffs continues to believe that Defendants have not produced all responsive documents

8   pertaining to complaints about uncompensated buzz sessions.

9       Having reviewed and considered the moving and responsive papers and the arguments of

10   counsel at the hearing, the Motion to Compel is granted in part and denied in part.  The motion is

11   granted to the extent that counsel for Defendants shall produce the voluntary interview consent form

12   signed by opt-in Plaintiff Kathy Stumbaugh and/or any other opt-in Plaintiff in this action.  The

13   voluntary interview consent forms consist of information defense counsel gave to employees who were

14   interviewed in this case and were signed before the interviews were conducted.  Plaintiffs do not seek

15   the notes of counsel or summaries of the interviews prepared by counsel for Defendants.  Rather,

16   Plaintiffs seek the form the opt-in Plaintiff(s) signed before giving the statement.  While drafting the

17   form may be attorney work product, it was provided to at least one opt-in Plaintiff.  The court finds that

18   what Ms. Stumbaugh and/or any other Plaintiff was told or advised about the interview before speaking

19   with counsel for Harrah's about this litigation is relevant and discoverable within the meaning of Rule

20   26(b), and the witnesses who signed the form are entitled to have a copy of the form they signed.

21       Defendants shall also supplement their initial disclosures to provide all payroll records including

22   payroll adjustment forms, payroll request forms, time and attendance records, and leave records for

23   each of the opt-in Plaintiffs.  Defendants shall also be compelled to answer Interrogatory Nos. 5 and 6

24   of Plaintiffs' Second Set of Interrogatories served March 10, 2011, for the Harrah's Laughlin

25   Defendants identified in Interrogatory No. 4.  Counsel for Defendants clearly suggested that Plaintiffs

26   request information on the subject matters contained in this set of interrogatories by written discovery

27   instead of pursuing one or more Rule 30(b)(6) depositions.  Defendants then served responses to

28   Interrogatory Nos. 4 through 9 objecting to each on the grounds that Plaintiffs had already served

6

twenty-five written interrogatories and the set was "over-numerous and does not comply with the standards of discovery as set forth in the Federal Rules of Civil Procedure." During oral argument, counsel for Defendants acknowledged that the Defendants had fully prepared a Rule 30(b)(6) designee to address the topics. Thus, Defendants were prepared to substantively respond. The court concludes counsel for Plaintiffs failed to attend the April 15, 2011 deposition because communications between counsel for the parties have become strained during contentious discovery, and counsel simply did not understand Defendants would be appearing at the deposition.

Finally, the court will compel Harrah's Entertainment to supplement its Answer to Interrogatory No. 15 to provide a list of all lawsuits and legal or administrative proceedings regarding mis-classification and/or failure to pay employees minimum wages or overtime wages five years before the Complaint was filed. Plaintiffs' request for attorneys fees and costs and any form of relief not specifically addressed in this order is denied.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' Motion for Sanctions (Dkt. #73) is **GRANTED** to the extent Mr. Roskelley and Ms. Krincek are admonished for their improper behavior during the deposition of Mr. Byrnes and Ms. Basso respectively, and **DENIED** in all other respects.

2. Plaintiff's Motion to Compel (Dkt. #76) is **GRANTED in part** and **DENIED in part** consistent with the body of this order. Defendants shall have until **June 29, 2011**, in which to serve supplemental responses compelled by this order.

3. Any request for relief not specifically addressed in this order is **DENIED**.

Dated this 14th day of June, 2011.

Peggy A. Leen
United States Magistrate Judge