# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARI FETROW-FIX, *et al.*,

        Plaintiffs,

vs.

HARRAH'S ENTERTAINMENT, INC., *et al.*,

        Defendants.

Case No. 2:10-cv-00560-RLH-PAL

**ORDER**

(Mot for Cond Cert - Dkt. #80)
(Mot for Leave to file Sur-Reply - Dkt. #95)

Before the court is Plaintiff's Motion for Conditional Certification of Collective Action, Authorization to Send Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(b), and for Other Relief (Dkt. #80). Also before the court is Defendants' Motion for Leave to File Sur-Reply (Dkt. #95). The court has considered the Motion, Defendants' Opposition (Dkt. #84), Plaintiff's Reply (Dkt. #89) and the arguments of counsel at a hearing conducted August 9, 2011. The matter was taken under advisement because, at the time of the hearing, a motion for summary judgment was under submission to the district judge seeking to dismiss Fetrow-Fix's FLSA claim. Counsel for the parties acknowledged that decision of the pending motion for summary judgment would affect the outcome of this motion. On November 18, 2011, the district judge's Order (Dkt. #111) granting Defendants' motion for summary judgment was entered.

**BACKGROUND**

Plaintiffs Fetrow-Fix and Thomas Soranno seek an order from the court: (1) certifying this action as a Collective Action pursuant to 29 U.S.C. 216(b); (2) compelling Defendants to provide the names, addresses, social security numbers, phone numbers and e-mail addresses for all potential class members; (3) authorizing Plaintiffs to send court-supervised notice to all persons similarly situated of the pendency of this action with a 120-day opt-in period; and (4) requiring the Defendants to post a notice in all of its locations.

The Complaint (Dkt. #1) in this case was filed April 19, 2010.  An Amended Complaint (Dkt. #45) was filed December 30, 2010.  Plaintiff Thomas Soranno is a former dealer at Harrah's Laughlin, Nevada property, and Plaintiff Chari Fetrow-Fix is a former Table Games Supervisor at Harrah's Laughlin.  The Plaintiffs seek conditional class certification under § 216(b) of the Fair Labor Standards Acts ("FLSA") on behalf of two separate nationwide classes of employees with whom they claim they are "similarly situated" for purposes of the FLSA.  Plaintiffs allege that the Defendants have failed to pay non-exempt hourly employees straight time and overtime compensation for mandatory attendance at pre-shift meetings which are often referred to as "Buzz Sessions."  To date, 16 opt-in Plaintiffs have joined this case.  At the time this motion was filed, 12 Plaintiffs had opted in by filing consents to join the litigation.  Of these 12, three worked as dealers in Nevada, two worked as "dual rates" in Nevada, and seven worked as Table Games Supervisors in Nevada and New Jersey.

Plaintiffs define the two classes they seek to conditionally certify as follows:

**Class A**:   All persons who are or have been exempt by Defendants in the Untied States and classified as non-exempt by Defendants who are required by Defendants to attend "pre-shift" meetings and or "Buzz Sessions" at any time within the last three years.

**Class B**:   All persons who are or have been employed by Defendants in the United States in the position of Games Supervisors/Floor Person at any time within the last three years.

Plaintiffs contend employees at all of Harrah's Entertainment Inc.'s 35 properties are required to attend pre-shift Buzz Sessions for which they are not compensated in violation of the FLSA minimum wage and overtime requirements.  Plaintiffs also allege that Table Games Supervisors have been improperly classified by Defendants as exempt employees under the FLSA, and that Defendants have a policy of requiring Table Games Supervisors to work more than 40 hours per week without paying them overtime.  Plaintiffs ask that the court certify this action as a collective action so that employees of the certified classes in all of Harrah's 35 properties can be provided with notice and the opportunity to opt-in to this action to recover minimum wages and overtime.

Plaintiffs argue that, at the first or notice stage of this action, a lenient standard is applied which

typically results in conditional certification of the representative class if the Plaintiffs make substantial allegations that the putative class members were subject to a single decision, policy or plan that violated the law. Under this lenient standard the court does not evaluate factual disputes, credibility or the merits of the claims. Rather, the court determines whether the proposed Plaintiffs are similarly situated with respect to their allegations that the FLSA has been violated. In this case, the Plaintiffs contend they have established they are similarly situated to the putative class they seek to represent based on the allegations of their first amended complaint, and the deposition transcripts and documents submitted as exhibits in support of the motion.

Defendants oppose the motion asserting Plaintiffs have failed to make the requisite showing that the alleged class has been subjected to an improper common policy or scheme. Defendants also argue that Plaintiffs have not established that questions common to the proposed class predominate over individual issues, or that the named Plaintiffs are similarly situated to the proposed class. Plaintiff Fetrow-Fix was employed as a Table Games Supervisor at Harrah's Laughlin and was paid a salary. Plaintiff Soranno worked as a dealer at Harrah's Laughlin and was paid on an hourly basis. Defendants contend that Plaintiffs have offered no evidentiary support that Harrah's Entertainment, Inc. had a common policy or practice that violated the FLSA minimum wage and overtime requirements. Defendants dispute that they have any policy or practice requiring any non-exempt employees to perform work off-the-clock. Defendants claim that the discovery conducted to date establishes that each Harrah's property is a distinct corporation responsible for its own operations. Additionally, Defendants maintain that Plaintiffs' claims are "rife with personal determinations which cannot be attributed to the class as a whole." As a result, the named Plaintiffs cannot establish they are similarly situated to the two putative classes they seek to certify. Defendants argue that the only direct evidence that putative class members are required to attend pre-shift Buzz Sessions involves the Table Games Department at two of the 35 properties, Harrah's Laughlin and Bally's Atlantic City.

Defendants contend that pre-shift Buzz Sessions formerly held at the Table Games Department "is an anomaly at Harrah's Laughlin." Defendants acknowledge that in the past the Table Games Department at Harrah's Laughlin began holding pre-shift Buzz Sessions two to three minutes prior to the scheduled start of the employees' shifts. However, this practice ceased in November 2009, and

since then, dealers in the Table Games Department at Harrah's Laughling began attending Buzz Sessions at the start of their first break, after the scheduled shift start time.  Thus, Defendants contend the employment practice on which Plaintiffs rely to assert their FLSA claims was isolated, uncommon, and has long since been discontinued.

Defendants also oppose the motion to conditionally certify a class of Table Games Supervisors nationwide on the grounds that these are exempt employees, and Plaintiffs have failed to show that their position has been mis-classified.

The Defendants acknowledge that the majority of lower courts have accepted a two-step procedure for framing their analysis of conditional certification of suits under § 216(b) of the FLSA. This two-step approach often called the "Lusardi two-step", after the case that initially articulated the test, consists of an initial notice stage and a second decertification stage.  *Lusardi v. Lechner*, 855 F.2d 1062, 1074 (3d Cir. 1988).  At the initial notice stage, the court decides whether to conditionally certify a class based on the pleadings and affidavits and applies a fairly lenient standard because the court usually has minimal evidence on which to base its decision.  The second stage is typically initiated by the defendant on a motion for decertification after discovery is completed and the matter is ready for trial.  After discovery is largely completed, the court has more information on which to base its decision about whether the claimants are similarly situated, and if so, allows the matter to proceed as a representative action.

However, Defendants argue that application of the initial notice stage determination is inappropriate in a case where extensive discovery has already been completed.  Under these circumstances, initial notice would represent an unjustified waste of time and resources.  In this case, the parties were initially given 60 days to complete discovery needed to litigate whether an FLSA class would be conditionally certified.  A discovery plan and scheduling order was entered establishing a September 25, 2010, discovery deadline because of the modest amount of discovery the parties required to brief Plaintiffs' motion for conditional certification.  However, the initial discovery period was extended and lasted almost nine months.  Twenty-five depositions were taken, multiple sets of discovery were served and responded to, more than 8,800 documents were produced, and the parties had multiple discovery disputes which required the court's intervention.  Under these circumstances,

Defendants argue that the amount of discovery that has been conducted is not modest and that the time for conditional certification analysis has passed. Defendants rely on a series of district court decisions holding that where substantial discovery has taken place, it is more appropriate to skip the first-step conditional certification determination and proceed directly to the second step of § 216(b) certification analysis.

Defendants also argue that Plaintiffs have not met their burden of establishing they are similarly situated to the two classes they seek to represent. Defendants point out that the Plaintiffs do not have a right in a collective action brought pursuant to § 216(b) for court-supervised notice, and that the decision is discretionary with the court. The purpose of court-supervised notice in § 216(b) actions is to effectively manage the case by allowing the court to control the notice procedure, the definition of the class, and the cut-off date for opting in and orderly joinder. However, the courts and litigants have the responsibility to avoid stirring up litigation through unwarranted solicitation, and if Plaintiffs seek court-authorized notice merely as a means of asking the court to assist in their efforts to locate potential Plaintiffs and expand the scope of litigation, the request for conditional certification must be denied.

Defendants contend that Plaintiffs have not demonstrated that putative class members were the victim of a single decision, policy or plan, and that Plaintiffs' motion is based on unsupported assertions of widespread violations which are not sufficient to meet their burden of showing that a nationwide class of employees they seek to represent is similarly situated to named Plaintiffs Soranno and Fetrow-Fix.

Plaintiffs reply that the evidence developed in discovery in this case established that Harrah's has a common policy of mandatory attendance at Buzz Sessions which violates the FLSA. At the preliminary notice stage, Plaintiffs' evidentiary burden is modest and the court should reject the Defendants' argument that the court should proceed to the heightened second-tier analysis. Although extensive discovery has been completed, the court recently granted Plaintiffs' motion to compel and ordered the Defendants to produce complete personnel and payroll records for all opt-in Plaintiffs and to answer interrogatories regarding whether pre-shift Buzz Sessions were conducted at Harrah's Laughlin in departments other than Table Games. Thus, Plaintiffs argue it would be premature to skip to the second-stage review. Plaintiffs cite a number a district court cases which have held that, even if

extensive discovery has been completed, notice should be sent to the putative class because the courts found it was unclear whether a complete factual records had been developed and presented, and that bypassing the notice stage might deprive some Plaintiffs a meaningful opportunity to participate in the action. Plaintiffs contend that there is an incomplete factual record on which this court can make a second-tier determination. The court's order compelling the Defendants to provide discovery responses was entered June 15, 2011, two days before this reply was filed. Plaintiffs also rely on a Central District of California decision stating that the court "generally will not allow a party to refuse discovery of certain issues and then use his opponent's lack of information on those particular issues as a central basis for proceeding with these issues." Citing *Sarviss v. General Dynamics Information Technology, Inc.*, 663 F.Supp.2d 883 (C.D. Cal. 2009).

## DISCUSSION

### I.     Motion for Conditional Certification (Dkt. #80)

#### A.     Conditional Certification of a Collective Action

The Fair Labor Standards Act ("FLSA") was enacted in 1938. Congress' principal purpose in enacting the Act was to protect all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 739 (1981). Congress passed the FLSA to create a uniform national policy of guaranteeing compensation for all work or employment covered by the Act. *Id*. at 741. The FLSA grants individual employees broad access to the courts and permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. *Id*. at 740. Under the FLSA, an employee may initiate a class action on behalf of himself or herself and other similarly situated people. 29 U.S.C. § 216(b). Court-supervised notice of pendency of § 216(b) actions "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 172 (1989). The clear weight of authority holds that the requirements for class action certification under Fed. R. Civ. P. 23(a) do not apply to claims arising under the FLSA. *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761 (9th Cir. 2010, *citing Kinney Shoe Corp. V. Vorhes,* 564 F.2d 859, 862 (9th Cir. 1977), *overruled on other grounds by Hoffman-La Roche, Inc. v. Sperling,* 493 at 167, n.1 (1989).

1    Although a plaintiff may bring an action on behalf of himself and others similarly situated, "no
2    employee shall be a party to any such action unless he gives his consent in writing to become such a
3    party and such consent is filed with the court in which such action is brought." 29 U.S.C. § 216(b).
4    This is commonly referred to as the "opt-in" provision. Generally, district courts have the discretion in
5    appropriate cases to implement § 216(b) by facilitating notice to potential plaintiffs. *Id.* at 169. The
6    FLSA does not require certification for collective actions; however, "certification in a § 216(b)
7    collective action is an effective case management tool, allowing the court to control the notice
8    procedure, the definition of the class, the cut-off date for opting-in, and the orderly joinder of the
9    parties." *Edwards v. City of Long Beach*, 467 F. Supp.2d 986, 989 (C.D. Cal. 2006).

10   The FLSA does not define the term "collective action," however, the Ninth Circuit has held that
11   a collective action is "an action brought by an employee or employees for and on behalf of himself or
12   themselves and other employees similarly situated." *Gray v. Swanney-McDonald, Inc.*, 436 F.2d
13   652, 655 (9th Cir. 1971) (*quoting H. R. Rep. No. 326, 80th Cong., 1st Sess. at 14*) (internal quotations
14   omitted). If the court finds the named plaintiffs have established that they are "similarly situated" to a
15   proposed collective action group of potential plaintiffs, the court may, in its discretion, authorize the
16   named § 216(b) plaintiffs to send notice to all of the potential plaintiffs and may set a deadline for those
17   plaintiffs to "opt-in" to the suit. *Edwards*, 467 F. Supp.2d at 989.

18   **B.    The Similarly Situated Requirement**

19   The court must preliminarily determine whether the potential plaintiffs are "similarly situated"
20   to create an opt-in class under § 216(b). *See Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir.
21   1996). A named plaintiff seeking to create a § 216(b) opt-in class must be suing on behalf of himself or
22   herself and other "similarly situated" employees. Named plaintiffs seeking to create a § 216(b) opt-in
23   class need only show that their positions are similar, but not identical to, the positions held by putative
24   class members. *Id. (quoting Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)),
25   aff'd in part and repealed and dismissed in part, 862 F.2d 439 (3rd Cir. 1988), aff'd, 493 U.S. 165
26   (1989)). The similarly situated requirement of § 216(b) "is more elastic and less stringent" than the
27   joinder and severance requirements found in Rule 20 and Rule 42 respectively of the Federal Rules of
28   Civil Procedure. *Id.* at 1095.

The FLSA does not define the term "similarly situated," and the Ninth Circuit has not yet formulated a test for courts to determine whether putative class members are "similarly situated." However, a number of courts, including this one, have adopted a two-step approach for determining whether potential plaintiffs are "similarly situated" for purposes of conditional class certification under § 216(b). This approach involves notification to potential class members of the representative action followed by a final "similarly situated" determination after discovery is completed. At the first, or "notice stage," the court relies "primarily on the pleadings and any affidavits submitted by the parties," [to decide] "whether the potential class should be given notice of the action." *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). A fairly lenient standard applies to the first step determination and typically results in "conditional class certification" of a representative class. *Id.* at 467. A fairly lenient standard is applied because at the initial stage of a collective action case, the court has "minimal evidence" to make its determination. *Mooney v. Aramco Services, Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003); *Kane v. Gage*, 138 F. Supp.2d 212, 214 (D. Mass. 2001). At the initial notice stage, a plaintiff need only make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law. *Mooney, Id.* at 1214 n. 8. However, at least one Circuit Court of Appeals has held that "a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)". *Grayson*, 79 F.3d at 1095. The majority of courts have adopted this two-tier approach. *Leuthold, Id.*

If the court conditionally certifies a class under § 216(b) and authorizes notice to putative class members, the parties conduct discovery, and once discovery is completed, the party opposing class certification may move to decertify the class. *Id.* at 467. In determining whether to certify or decertify the conditionally certified class, the court makes "a factual determination regarding the propriety and scope of the class." *Id.* Factors the court considers in making its factual determination include "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." This determination is made after discovery is completed so that the court has a complete factual record on which to base its decision whether the plaintiffs are similarly situated.

If the plaintiffs are not similarly situated, "then the court may decertify the class and dismiss the opt-in plaintiffs without prejudice." *Id.*

Although the courts have clearly held that the Plaintiff's burden at the notice stage is light, "unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Freeman v. Wal-Mart*, 256 F. Supp.2d 941, 945 (W.D. Ark. 2003), *citing Haynes v. Singer, Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983). *Edwards*, 467 F. Supp.2d at 990. *See also Bernard v. Household Intern., Inc.*, 231 F. Supp.2d 433, 435 (E.D. Va. 2002) ("mere allegations will not suffice; some factual evidence is necessary.")

In this case the district judge has now granted Defendants' motion for summary judgment as to the FLSA claims of Plaintiff Fetrow-Fix finding that the Defendants provided sufficient evidence to demonstrate that she was an executive employee for whom the FLSA's minimum wage and overtime requirements do not apply. The parties dispute whether Fetrow-Fix, a former Table Games Supervisor at Harrah's Laughlin, is similarly situated to Table Games Supervisors/Floor Persons in all of Harrah's Entertainment Inc.'s 35 properties nationwide. Plaintiffs claim that Table Games Supervisors/Floor Persons at all 35 properties have been improperly classified as exempt employees under the FLSA. As the district judge has now granted summary judgment finding that, as a Table Games Supervisor, Fetrow-Fix is exempt from the minimum wage and overtime requirements of the FLSA, the court will deny Plaintiffs' request to conditionally certify Plaintiffs' proposed Class B.

The court also concludes that the evidence provided by the Plaintiffs is insufficient to warrant conditional certification of Plaintiffs' proposed Class A. The FLSA does not require certification of collective actions. Rather, the decision whether to conditionally certify a collective action and provide court supervised notice to putative class members rests within the court's sound discretion. For a number of reasons, the court concludes that conditional certification would not be an efficient or economical manner of proceeding with this case.

This case has a long and convoluted procedural history. The complaint was initially filed April 10, 2010, nearly 16 months ago. Since the initial complaint was filed, only 16 Plaintiffs have filed consents to joinder out of a putative class of 85,000 employees in 35 properties nationwide. The district judge has dismissed Plaintiffs' Nevada state law class claims, but found that Plaintiffs' individual

1  Nevada state law claims may proceed.  See Order (Dkt. #40) entered November 16, 2010.  The
2  Plaintiffs asked the district judge to reconsider this order, and filed a Motion for Certificate of
3  Appealability (Dkt. #50).  Both motions were exhaustively briefed and ultimately denied.  Extensive
4  motion practice on the pleadings and viability of the Plaintiffs' claims has impacted the court's case
5  management of this case, created numerous discovery disputes about the appropriate scope of discovery
6  and delayed discovery.
7      Discovery in this case has also been extensive.  When the court conducted the initial scheduling
8  and case management conference July 27, 2010 counsel for the parties were canvassed about the
9  discovery needed to file the motion to conditionally certify an FLSA class.  Based on the
10 representations of counsel the court concluded that a modest amount of discovery was needed and
11 therefore set a 60-day cutoff for initial discovery needed to file the motion for conditional certification.
12 Discovery disputes and the scheduling needs of both sides resulted in multiple extensions of the
13 deadlines and nine months to complete what the court expected would be preliminary initial stage
14 discovery.
15     Twenty-five depositions were taken, multiple sets of written discovery were served and
16 responded to, and more than 8,800 documents were produced.  Plaintiffs took the depositions of Candy
17 Basso, the Director of Human Resources at Harrah's Laughlin, Wade Faul, the Senior Vice President
18 and General Manager of Harrah's Laughlin, Gregg French, the Director of Gaming at Harrah's
19 Laughlin, Terry Byrnes, the Vice President of Total Services for Harrah's Entertainment, Inc., and Mary
20 Thomas, a Senior Vice President of Human Relations for Harrah's Entertainment, Inc.  Plaintiffs also
21 noticed a Rule 30(b)(6) deposition of a "person most knowledgeable" regarding the times of scheduled
22 shifts and the timing of Buzz Sessions at Harrah's Laughlin Hotel Division /Food and Beverage
23 Division.  Plaintiffs did not attend the deposition after noticing it.
24     In resolving one of many, many discovery disputes in this case, the court found Plaintiffs failed
25 to attend the scheduled Rule 30(b)(6) deposition because communications between counsel for the
26 parties had become so strained during contentious discovery that counsel for Plaintiffs simply did not
27 understand Defendants would be appearing at the deposition because Defendants were disputing the
28 scope of the noticed topics.  Defendants produced Matthew Marecki, the Director of Hotel

Operations/Food and Beverages at Harrah's Laughlin as its Rule 30(b)(6) designee. Defendants submitted the Declaration of Matthew Marecki in support of its opposition to the motion to conditionally certify. Plaintiffs ask the court to disregard his declaration because he wasn't identified as a witness, was not deposed and was never subject to cross examination. However, counsel for Plaintiffs had the opportunity to take Mr. Marecki's deposition as the corporate representative designated to respond to the noticed topics, but failed to appear for the Rule 30(b)(6) Plaintiffs noticed.

Plaintiffs also argue that at the first or notice stage of the action, the court should not evaluate factual disputes, credibility, or the merits of the claims. Plaintiffs cite selective portions of the deposition testimony and documents Plaintiffs obtained in discovery favorable to their position but essentially ask the court to ignore the discovery taken that contradicts their position. Given the extent of the discovery that has been conducted by the Plaintiffs, the court will not consider the evidence in the record supporting the Plaintiffs' claims they are similarly situated to the putative class, while ignoring the discovery suggesting they are not. Having reviewed the voluminous moving and responsive papers and attached deposition transcripts, declarations and other exhibits, the court is simply not persuaded that the Plaintiffs have established that putative class members were subjected to a common decision, policy or plan that violated the FLSA. For these reasons the court concludes that it would not serve the interests of judicial economy to attempt to resolve the potential claims of a putative class consisting of 85,000 employees in 35 separate properties nationwide in this action. The court will therefore deny the motion to conditionally certify a collective action.

**II.     Defendants' Motion for Leave to File Sur-Reply (Dkt. #95)**

More than a month after Plaintiffs' reply brief was filed in this case, Defendants filed a voluminous motion for leave to file a sur-reply based on the United States Supreme Court's recent decision in *Wal-Mart Stores v. Dukes,* 564 U.S. __ (2011). Defendants also request leave to file a sur-reply to address arguments Defendants claim Plaintiff raised for the first time in Plaintiffs' reply brief. Plaintiffs filed an Opposition (Dkt. #100) and Defendants filed a Reply (Dkt. #101).

In *Dukes*, the Supreme Court addressed a Rule 23 class action suit. Although the decision may be "illuminating" it does not control the outcome of this motion. Additionally, Defendants waited for more than 30 days to request leave to file a sur-reply to address arguments Defendants claim were

raised for the first time in Plaintiffs' reply. Neither rationale provide sufficient cause to allow the Defendants another round of briefing and the last word. The court will therefore deny the motion.

For the reasons stated,

**IT IS ORDERED** that:

1. Plaintiffs' Motion for Conditional Certification of Collective Action (Dkt. #80) is **DENIED**.

2. Defendants' Motion for Leave to File a Sur-Reply (Dkt. #95) is **DENIED**.

Dated this 29th day of December, 2011.

_____
Peggy A. Leen
United States Magistrate Judge