UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARI FETROW-FIX, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:10-cv-00560-RLH-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| HARRAH'S ENTERTAINMENT, INC., *et al.,* | ) | (Mot Toll the Statute of Limitations - Dkt.#103) |
| | ) | |
| Defendants. | ) | |

Before the court is Plaintiffs' Motion to Toll the Statute of Limitations for Claims Asserting Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (Dkt. #103). The court has considered the Motion, Defendants' Response (Dkt. #105), and Plaintiffs' Reply (Dkt. #109).

Plaintiffs request that the court toll the statute of limitations for claims asserting violations of the Fair Labor Standards Act ("FLSA") for the period of time their motions for conditional certification and Defendants' motion for summary judgment were pending.

In *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), the Ninth Circuit recognized that federal courts have applied the doctrine of equitable tolling in two situations: (1) when the plaintiffs are prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant; or (2) when extraordinary circumstances beyond plaintiffs' control make it impossible to file the claims on time. Plaintiffs request that the court toll the statute of limitations so that potential opt-in Plaintiffs are not deprived of their legal rights while the court rules on various outstanding motions, including Plaintiffs' motion for conditional certification, Defendants' motion for leave to file a sur-reply, and Defendants' motion for summary judgment on Plaintiff Fetrow-Fix's claims. Additionally, Plaintiffs contend the court should toll the statute of limitations for potential Plaintiffs so that Defendants do not profit from their continued discovery abuses which delayed the filing of the

motion for conditional certification.

The court agrees that equitable tolling is an available arrow in the court's quiver to prevent parties from engaging in abusive litigation tactics and obstructing legitimate discovery, and will not hesitate to use the remedy in an appropriate case. However, the undersigned has denied Plaintiff's motion for conditional certification and Defendants' motion for leave to file a surr-reply, and the district judge has granted Defendants' motion for summary judgment on Plaintiff Fetrow-Fix's FLSA claims. Plaintiffs' motion to toll the statute of limitations will therefore be denied as moot.

**IT IS ORDERED** Plaintiffs' Motion to Toll the Statute of Limitations for Claims Asserting Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (Dkt. #103) is **DENIED as MOOT**.

Dated this 29th day of December, 2011.

_____
Peggy A. Leen
United States Magistrate Judge